```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

NATALIE JOY RIOS,

    Plaintiff,

    v.                                   CIVIL ACTION NO.
                                              18-10435-WGY

BOARD OF REVIEW, MASSACHUSETTS
DEPARTMENT OF UNEMPLOYMENT
ASSISTANCE,

    Defendant.

MEMORANDUM AND ORDER

YOUNG, D.J.                                                              March 7, 2018

    For the reasons stated below, the Court dismisses this action without prejudice.

## I. Background

Pro se litigant Natalie Joy Rios, who resides in Cambridge, Massachusetts, brings this action in which she challenges the decision of the Board of Review of the Massachusetts Department of Unemployment Assistance to dismiss her claims for unemployment benefits. According to Rios, she was working full-time until she was unlawfully discharged in September 2017. She applied for unemployment benefits the same month and began to receive partial unemployment benefits. However, in January 2018, the Massachusetts Department of Unemployment Assistance found that she was "indefinitely ineligible" for unemployment benefits.

## II. Discussion

A court always has an obligation to inquire sua sponte into its own jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Upon a preliminary review of the complaint, the Court concludes that the Rios cannot bring this action in federal court.

The Eleventh Amendment to the United States Constitution generally precludes suits against a State in federal court unless the State has waived is immunity or Congress has overridden it. See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam). Here, the defendant is an agency of the Commonwealth of Massachusetts. Rios does not identify, nor can the Court discern, and claim for which the defendant's Eleventh Amendment immunity has been waived or overridden. Accordingly, the Eleventh Amendment precludes the Court—a federal court—from exercising jurisdiction over this action.

Although defendant's Eleventh Amendment immunity precludes judicial review of Rios's claim by this Court, it does not preclude Rios from seeking relief in the state court. Under Massachusetts law, a person may obtain judicial review of the decision of the Board of Review of the Massachusetts Department of Unemployment Assistance "by commencing within thirty days of

2

the date of mailing of such decision, a civil action in the district court within the judicial district in which he lives, or is or was last employed, or has his usual place of business." M.G.L. ch. 151A, § 42 para. 1. "District court," as used in this statute, refers to the state district court, not the federal district court.[1]

**III. Conclusion**

Accordingly, this action is DISMISSED WITHOUT PREJUDICE. The motions for leave to proceed in forma pauperis and for the appointment of counsel shall be terminated as moot.

SO ORDERED.

                                /s/ William G. Young_____
                                WILLIAM G. YOUNG
                                UNITED STATES DISTRICT JUDGE

---

[1] A list of the state district courts may be found at https://www.mass.gov/orgs/district-court/locations (last visited Mar. 7, 2018).